671 N.W.2d 537 (2003)
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
George Henry MARTIN, III, Defendant-Appellee.
Docket Nos. 124348, 124350, COA No. 243008.
Supreme Court of Michigan.
November 21, 2003.
On order of the Court, the motion for immediate consideration is considered, and it is GRANTED. The application for leave to appeal the July 8, 2003 judgment of the Court of Appeals is considered, and it is DENIED because we are not persuaded that the question presented should be reviewed by this Court.
*538 CORRIGAN, C.J., dissents and states as follows:
I would grant leave to appeal. The defendant's determinate ten-month jail sentence was not lawfully imposed under the habitual offender statute, MCL 769.10. When faced with a habitual offender, a sentencing judge has only three options available when the subsequent felony is punishable by imprisonment for a term of less than life:
[P]lace the person on probation or sentence the person to imprisonment for a maximum term that is not more than 1-½ times the longest term prescribed for first conviction of that offense or for a lesser term. [MCL 769.10(1)(a)(emphasis supplied).]
A flat ten-month jail sentence does not qualify as "a lesser term" under this legislative scheme. The phrase "for a lesser term" necessarily relates to the previous clause. It means less than the "term prescribed for a first conviction." Thus, the sentencing judge in this case could have sentenced the defendant, a habitual offender, to (1) probation, (2) imprisonment for up to 1-1/2 times the sentence available for a first-time offender, or (3) imprisonment for a term of less than the sentence available for a first-time offender.
The determinate sentence in this case was not lawfully imposed because it violates MCL 769.8(1), which provides:
When a person is convicted for the first time for committing a felony and the punishment prescribed by law for that offense may be imprisonment in a state prison, the court imposing sentence shall not fix a definite term of imprisonment, but shall fix a minimum term, except as otherwise provided in this chapter. The maximum penalty provided by law shall be the maximum sentence in all cases except as provided in this chapter and shall be stated by the judge in imposing the sentence. [Emphasis supplied.]
A sentence of imprisonment meted out under MCL 769.10(1)(a) is expressly linked to a first-time offender's sentence. Thus, a habitual offender may not be sentenced to a fixed term when a first-time offender may not receive that sentence. A habitual offender who is sentenced to imprisonment must receive an indefinite sentence. Therefore, the sentence in this case was not lawfully imposed.